IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICK BECK,<br>　　PLAINTIFFS,<br><br>V.<br><br>FNU LNU,<br>　　DEFENDANT. | §<br>§<br>§<br>§　CASE NO. 3:23-CV-1413-D-BK<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Patrick Beck's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 7; Doc. 10. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

On June 21, 2023, Beck, a federal detainee at the Fort Worth Federal Medical Center, initiated this action by filling a largely incoherent and nonsensical *pro se* complaint. Doc. 3 at 1. In response to the Court's deficiency order, Beck filed an amended complaint that is as indecipherable as the original complaint and again fails to name any defendants. Doc. 6 at 1.[1]

---

[1] In April 2023, the U.S. District Court for the District of New Mexico committed Beck to the custody of the Attorney General for a psychiatric and psychological examination. *United States v. Beck*, Nos. 22-MJ-1089 and 23-MJ180 (D. NM. Apr. 27, 2023). The court subsequently found Beck incompetent to stand trial and committed him for an additional 120 days to determine whether there is a substantial probability that he will be able to attain sufficient mental capacity. *United States v. Beck*, Nos. 22-MJ-1089 and 23-MJ180 (D. NM. Aug. 25, 2023).

Beck complains of "stolen property that [he] should have inherited under Texas Statute" and requests help in "identifying all defendants and their respective addresses." Doc. 6 at 3. Beck asserts that he has "property rights to the Dallas Texas Beck House, Beck's Restaurant Food Chain, Beck's Ranch, the Texas Land and Cattle Company," the Audrey Beck Museum in Houston, and possibly the Beck Oil Company in Hesperia, California. Doc. 6 at 4. Beck alleges that he has "a valid interest in acquiring [his] great grandparent Beck's estate and property lost in divorce to the Holmes family, which rightfully belongs to [him] as an heir." *Id.* He adds: "At one point, my Beck family owned most of Texas. I was forced into foster care at an early age and have been detained illegally while running for president of the USA for the past year." *Id.* Beck requests all "property back," $200 million in damages, and to be released from confinement. Doc. 6 at 4.

## II. ANALYSIS

Because the Court granted Beck's motion to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides, among other things, for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must

be construed so as to do justice."). Even under this most liberal construction, however, Beck has failed to state a cognizable legal claim or anything that can be construed as such. He names no defendant(s), offers no supporting legal authority, and as illustrated here, his factual contentions are clearly inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33. His allegations clearly border on the irrational and incredible. *Id.*

Consequently, Beck's complaint should be dismissed with prejudice as factually and legally frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here Beck's apparent claims are fatally infirm. Based on the most deferential review of his complaint, it is unlikely that, given the opportunity, he could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, Beck's complaint should be **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on October 23, 2023.

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).